## BROOKS v. HAZEN.

Where witnesses were called upon to testify in behalf of the plaintiff in relation to the difference in the value of a barn, as built by the defendant and that which the contract required, it was error to admit their estimates of that difference, if those estimates were formed alone upon plaintiff's statement of what the contract required. They should have been made upon the contract itself, and not upon the plaintiff's statement.

APPEAL *from Polk District Court.*

*Opinion by* KINNEY, J. Suit brought by Hazen to recover damages in consequence of a failure on the part of Brooks to build and complete a barn. The petition sets forth that the petitioner contracted with defendant for the purchase of a farm on which said barn was in the process of being erected, and that before the contract for said farm was reduced to writing, the defendant entered into another and different contract with the mechanics who were employed to build said barn, and changed the original plan, whereby said barn was to be built in an inferior manner, and upon an inferior plan, for the express purpose of cheating, wronging and defrauding the plaintiff.

The contract for the purchase of the land is set out and made part of the petition, in which it appears that "said Brooks agrees to build, perfect and complete in a good and workman-like manner the barn then in process of erection on said premises, the same being sixty feet long, by forty-eight feet wide including eave-jetters, porchese and sheds according to the original plan.

The defendant filed an answer denying all the material averments in the petition, denying also that he made a different contract with the mechanics who were to build said barn after he contracted with the plaintiff. He avers that he completed the barn in accordance with the contract, &c.

41

Several bills of exceptions were taken on the trial, by the defendant, to the ruling of the court upon the testimony; but we think there is no error in these several rulings, except in relation to the evidence given by the witnesses, McClelland and Ramage.

It appears that it became material to the issue for the plaintiff to prove what it would cost to complete the barn according to the original plan, and for this purpose he called McClelland and Ramage, who were carpenters, who swore that a few days before the trial, and after the commencement of the suit at the request of said plaintiff, they upon viewing the barn in controversy, made an estimate in writing of the value of the labor and materials that it would take to complete the barn, in a good and workmanlike manner, upon the plan and in the manner that said plaintiff told them that it should have been completed, according to the original contract, and thereupon the witnesses testified what it would be worth by their written estimate, and in their judgment to complete said barn, in the manner specified by the plaintiff, each at the same time, testifying that they knew nothing about the original plan except what the plaintiff told them. This evidence was objected to, on the ground that it was improper for the witnesses to testify what it would cost to complete the barn in the manner specified to them by the plaintiff, but the court overruled the objections.

In this the court erred. The plan as detailed by the plaintiff to the witnesses formed the basis of their calculation in computing what it would cost to finish the barn, and if permitted to go the jury, would constitute a criterion upon which to form their verdict for damages. According to the state of the pleadings, it became an important part of the investigation to ascertain what it would cost to finish the barn according to the original plan, and the plaintiff should have first established what that plan was, and then proved what it would cost to complete the

Brooks *v.* Hazen.

barn according to that plan; or if he choose how much less the barn was worth from what it would be if finished according to the plan and undertaking of the defendant.

If the defendant had been present at the time the conversation took place between the plaintiff and witnesses, in relation to the manner in which the barn was to have been built, and had not objected to the representations of the plaintiff, then it would furnish evidence that he consented to the truth of these statements, and he would be concluded from objecting to testimony predicated upon such statements. But as the testimony was introduced, it was formed upon conclusions drawn from what was detailed by one of the parties alone, and was no more nor less than testimony manufactured by that party for the purpose of being used upon the trial. If there had been evidence to show that the plan as stated by the plaintiff was the correct one, the case would assume a different appearance, but no such testimony is given, nor is the evidence of the witnesses received upon conditions that the plaintiff should follow it up with such proof. We think there can be no doubt about the error of the court in this particular.

Judgment reversed.

*Casady & Tidrick,* for appellants.

*C. Bates* and *J. E. Jewett,* for appellee.